## COSGROVE, ESTATE OF, In Re

Ohio Appeals, 2nd Dist, Franklin Co

No 2607.   Decided Jan 4, 1936

Binns & Tresemer, Columbus, and Theodore Gregg, Columbus, for movant.

Ralph H. Henney, Columbus, contra motion.

### OPINION

By BARNES, PJ.

The above entitled cause is now being determined on motion of Mabel E. Pendleton, as administratrix of the estate of Ida May Cosgrove, deceased, to dismiss the appeal for the following reasons.

1. That there was no proceeding in the Probate Court in the matter of the estate of Edward Cosgrove, deceased, from which an appeal could be taken.

2. That the attempted appeal herein has not been properly effected.

3. That there is a similar attempted appeal now in the Court of Common Pleas.

Briefs are presented by counsel representing the interested parties.

On the first question, it is our conclusion that the error arises in the County Clerk's office, but is not of such a character as to be vital. In actions by appeal no new pleadings are filed. The matter is tried de novo on the pleadings filed in the court below. All that is required is that an interested party when he desires an appeal, file bond; or if the party is prosecuting or defending in a fiduciary capacity, then the statute dispenses with bond and provides for notice only. From the very nature of this prescribed procedure, it necessarily follows that the appellant has nothing to do with the manner or method of filing in the court to which the cause is appealed. From the statement of counsel, it is conclusively shown that the style is incorrectly entered and should be changed. From the transcript of docket and journal entries, it clearly appears what the title of the case should be.

On the second ground, we are unable to find that the appellant has failed to do or perform any act required under the statute in order to perfect his appeal in our court. It is probably true that he has done more than required. The right of appeal should not be denied by reason of this fact. Under the constitution, it is provided that chancery cases may be appealed from courts of record to the Court of Appeals. Of course, the Probate Court is a court of record and we do not understand that any question is being raised as to the chancery character of the subject matter involved in the controversy between the parties in the Probate Court.

Touching the third ground, it does seem somewhat anomalous to have a party appealing to the Common Pleas Court and also to the Court of Appeals. We know of no reported case on the subject nor has any been cited. For the time being at least, we will hold that the appeal in this court will not be dismissed by reason of the fact that the appeal is attempted in both courts.

Probably election will have to be made at some time in the future.

The motion to dismiss the appeal will be overruled.

Exceptions will be allowed.

HORNBECK and BODEY, JJ, concur.